LAFAYETTE COUNTY
**FILED**
OCT 2 6 2023
JEFF BUSBY
CIRCUIT CLERK
BY _____ D.C.

IN THE CIRCUIT COURT OF LAFAYETTE COUNTY, MISSISSIPPI

NICHOLAS SERVICES, LLC
D/B/A NICHOLAS AIR and
CORR FLIGHT S., INC.                                          PLAINTIFFS

**VERSUS**                              CIVIL ACTION NO: 123-306

GLASSDOOR, INC. and
JOHN AND JANE DOE(S) 1-30                                     DEFENDANTS

## COMPLAINT

COMES NOW, Plaintiffs, Nicholas Services, LLC d/b/a Nicholas Air and Corr Flight S., Inc., by and through counsel, and for this cause of action, alleges and states as follows:

### PARTIES

1. Plaintiff, Nicholas Services, LLC d/b/a Nicholas Air ("Nicholas Air" or "Plaintiff") is a limited liability company organized in the State of Delaware and is headquartered at 300 South Lamar Court, Unit B, Oxford, MS 38655. Nicholas Air is a private jet company operating under 14 C.F.R. Part 135. Nicholas Air has no employees and has no Employer Identification Number ("EIN").

2. Plaintiff, Corr Flight S., Inc. ("Corr Flight") is a corporation organized in the State of Mississippi and his headquartered at 300 South Lamar Court, Unit B, Oxford, MS 38655. Corr Flight is the employer for all employees who perform duties for the Nicholas Air brand.

3. Upon information and belief, Defendant, GlassDoor Inc. ("GlassDoor") is a Delaware corporation with its principal place of business at 300 Mission Street, 16th Floor, San Francisco, CA 94105. GlassDoor is a website forum where employees or former employees post reviews of their employers or previous employers.

4. John and Jane Doe(s) 1-30 ("Authors" and/or "Doe Defendants") are unknown individuals who have authored false, defamatory, malicious, discriminatory and/or hateful reviews regarding

**EXHIBIT "A"**

their alleged employment at Nicholas Air. In the Reviews, the Doe Defendants have also disclosed protected, confidential, and/or proprietary business information of Plaintiffs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this civil action pursuant to Miss. Const. art. VI § 156, and Miss. Code Ann. § 9-7-81.

6. This Court has personal jurisdiction over Defendant GlassDoor and any Doe Defendants who are not residents of Mississippi pursuant to Miss. Code Ann. § 13-3-57.

7. The Court has personal jurisdiction over any Doe Defendants who are residents of Mississippi.

8. Venue is proper pursuant to Miss. Code Ann. § 11-11-3 as Lafayette County, Mississippi is where Doe Defendants allege they are and/or were employed, and where a substantial part of the events giving rise to this suit occurred.

## SERVICE OF PROCESS

9. Service of process may be had upon the Defendants in any manner pursuant to Rule 4 of the Mississippi Rules of Civil Procedure.

10. Service of process may be had on GlassDoor at its principal place of business at 300 Mission Street, 16th Floor, San Francisco, CA 94105. GlassDoor may be served through one of its many registered agents.

11. GlassDoor must disclose the identities of the Doe Defendants. Once their identities are disclosed, service of process may be had on the Doe Defendants at their residence or wherever they may be found.

## BACKGROUND

12. Nicholas Air's profile on GlassDoor's website has numerous reviews from alleged employees and/or previous employees which not only go against GlassDoor's own Community Guidelines, but are false, defamatory, malicious, discriminatory, spread hate speech, and/or disclose confidential and proprietary business information (the "Reviews").[1]

13. All of the Reviews are false and should be removed as Nicholas Air has no employees as evidence by its lack of an EIN. Nicholas Air provides private air transportation, holds the operating certificate therefor, and is a brand name. All persons performing services for the Nicholas Air brand are employed by Corr Flight.

14. All employees of Corr Flight are required to sign both a Trade Secret/Non-Solicitation Confidential Information Agreement ("Confidentiality Agreement") and a Non-Disclosure of Information Agreement ("Non-Disclosure Agreement") as a condition of employment. Among other things, these agreements prohibit disclosure of any and all information related to or in any way connected with Corr Flight and Nicholas Air's businesses and operations and remain in full force and effect indefinitely.[2]

15. If the Authors of these reviews are and/or were employed by Corr Flight, they executed Confidentiality and Non-Disclosure Agreements and are in breach thereof.

16. On numerous occasions, Nicholas Air has contacted GlassDoor to have the Reviews removed and informed that the Reviews require removal as they are false, defamatory, malicious,

---

[1] There are ten (10) specific Reviews currently at issue. The titles of the Reviews are "Demanding job", "Filter out the management good reviews", "No Pros", "Terrible Place – Stay Far Away", "Run.", "Run away fast.", "Stay Clear of Nicholas Air!", "Lots of glamour, nothing for employees", "Buyer Beware", and "0/10 would recommend to a friend." These Reviews will be provided to the Court on a confidential basis as they are false, defamatory, malicious, discriminatory, spread hate speech, and/or disclose confidential and proprietary business information.

[2] The Confidentiality Agreement and Non-Disclosure Agreement will also be provided to the Court on a confidential basis as these Agreements are confidential and proprietary business information.

discriminatory, spread hate speech, and/or disclose confidential and proprietary business information.

17. After multiple failed attempts to have GlassDoor remove the Reviews, on September 12, 2023, Nicholas Air sent GlassDoor a detailed demand letter to have all Reviews that are false, defamatory, malicious, discriminatory, spread hate speech, and/or disclose confidential and proprietary business information removed, and to disclose the names of the Authors of the Reviews.

18. Despite being reassured that the demand had been "escalated to a senior member of the Content team" and that GlassDoor was "working diligently to respond", Nicholas Air has received no response to date.

19. Plaintiffs have now been forced to file this lawsuit seeking to compel GlassDoor to have the Reviews removed from their website and disclose the names of the Authors who have posted the Reviews.

## CAUSES OF ACTION

### I. COUNT ONE –DEFAMATION

20. Plaintiffs reallege and incorporate by reference herein each allegation contained in the above paragraphs.

21. The Reviews contain a plethora of false and defamatory statements concerning employment at Nicholas Air.

22. The Reviews are completely false for numerous reasons, one being that Nicholas Air is not and was never the employer of Authors as they allege.

23. Additionally, all mentions in the Reviews of work hours, overtime, compensation, benefits, safety, staffing, contracts, bonuses, upgrades, the innerworkings of the company, and of the owner and management are false.

24. The Reviews are clearly and unmistakably defamatory by their words themselves, and these false and defamatory Reviews have caused substantial harm to Plaintiffs' reputation and image.

25. Doe Defendants authored the Reviews knowing they contained false and defamatory statements concerning employment at Nicholas Air. They then published the Reviews to GlassDoor who re-published the Reviews on their website for public viewing.

26. Doe Defendants authored and published the Reviews with at least negligence, but most likely with actual malice with an intent to harm the Plaintiffs.

27. Despite Nicholas Air's numerous and repeated attempts to have the Reviews removed, GlassDoor has refused to remove the Reviews, which evidences at least negligence, but most likely gross negligence and/or actual malice towards Plaintiffs.

28. Although the Reviews are actionable per se and irrespective of harm, Plaintiffs have suffered and continue to suffer damages including, but not limited to, damage to their reputations and images of their businesses, negative impacts on employment, hiring, and operations, lost opportunities, and economic harm.

## II. COUNT TWO – SPREAD OF HATE SPEECH

29. Plaintiffs reallege and incorporate by reference herein each allegation contained in the above paragraphs.

30. By authoring and/or publishing the Reviews, the Defendants have participated in spreading hate speech.

31. Specifically, one Review spreads hate speech by attacking Plaintiffs and Corr Flight employees for their religious affiliation and even goes as far as saying there is a "special place in hell" for Plaintiffs and/or Corr Flight employees.

32. The specific threats of violence in this specific Review clearly targets Plaintiffs for their religious affiliation.

### III. COUNT THREE – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

33. Plaintiffs reallege and incorporate by reference herein each allegation contained in the above paragraphs.

34. Authors willfully intended for the Reviews to cause damage to Plaintiffs' businesses.

35. GlassDoor has evidenced a willful intent to cause damage and/or harm to Plaintiff's businesses by refusing to remove the Reviews despite being informed of their false, defamatory, malicious, discriminatory, hateful, and/or contractually breaching nature.

36. Authors wrote and published the Reviews in a calculated manner to cause damage to the Plaintiffs' businesses.

37. GlassDoor published and refused to remove the Reviews in calculated manner to cause damage to the Plaintiffs' businesses.

38. Defendants authored and/or published the Reviews with malice and constituted defamation, disparagement, and/or harassment.

39. Plaintiffs have suffered and continue to suffer damages as a result of Defendants' authoring and/or publishing of the Reviews including, but not limited to, damage to their reputations and images of their businesses, negative impacts on employment, hiring, and operations, lost opportunities, and economic harm.

## IV. COUNT FOUR – TORTIOUS INTERFERENCE WITH CONTRACTS

40. Plaintiffs reallege an incorporate by reference herein each allegation contained in the above paragraphs.

41. Authors willfully intend and/or intended for the Reviews to induce employees and customers of Plaintiffs to end and/or breach their contractual relationships with Plaintiffs.

42. GlassDoor willfully intend and/or intended for Authors to be in breach of their Confidentiality and Non-Disclosure Agreements by refusing to remove the Reviews despite being informed the Reviews were in breach thereof by revealing confidential and/or proprietary business information protected by the Agreements.

43. Authors wrote the Reviews in a calculated manner to cause damage to the Plaintiffs' businesses.

44. GlassDoor published and refused to remove the Reviews in calculated manner to cause damage to the Plaintiffs' businesses.

45. Defendants authored and/or published the Reviews with malice and constituted defamation, disparagement, and/or harassment.

46. Plaintiffs have suffered and continue to suffer damages as a result of Defendants' authoring and/or publishing of the Reviews including, but not limited to, damage to their reputations and images of their businesses, negative impacts on employment, hiring, and operations, lost opportunities, and economic harm.

## V.  COUNT FIVE – BREACH OF CONTRACT

47. Plaintiffs reallege and incorporate by reference herein each allegation contained in the above paragraphs.

48. If the Authors were and/or are employees of Corr Flight, they executed Confidentiality and Non-Disclosure Agreements as a condition of employment. Among other things, these agreements prohibit disclosure of any and all information related to or in any way connected with Corr Flight and Nicholas Air's businesses and operations and remain in full force and effect indefinitely.

49. By disclosing business information protected under the Agreements in the Reviews, Authors breached and continue to breach the Agreements.

50. Plaintiffs have suffered and continue to suffer damages as a result of Defendants' authoring and/or publishing of the Reviews including, but not limited to, damage to their reputations and images of their businesses, negative impacts on employment, hiring, and operations, lost opportunities, and economic harm.

## VI.  COUNT SIX – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

51. Plaintiffs reallege and incorporate by reference herein each allegation contained in the above paragraphs.

52. Authors' breach of contract were deliberate, intentional, and malicious acts, in reckless disregard for Nicholas Air's rights, and constitute a breach of the duty of good faith and fair dealing.

### PRAYER FOR RELEIF

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants as follows:

1. Defendant GlassDoor Inc. or Doe Defendants shall remove all reviews referenced herein;

2. Defendant GlassDoor Inc. and Doe Defendants shall refrain from posting and/or publishing any reviews in the future that are false, defamatory, malicious, discriminatory, spread hate speech, and/or disclose confidential and proprietary business information;

3. Defendant GlassDoor Inc. shall disclose the identities of the Authors of the reviews referenced herein;

4. Plaintiffs be awarded attorneys' fees from Defendants;

5. Plaintiffs be awarded costs from Defendants;

6. Plaintiffs be awarded economic and/or compensatory damages from Defendants;

7. Plaintiffs be awarded punitive and/or exemplary damages from Defendants;

8. Plaintiffs be awarded any other just, legal, general, and equitable relief allowed by law.

THIS the _____ day of _____, 2023.

Respectfully submitted,

NICHOLAS SERVICES, LLC
d/b/a NICHOLAS AIR, and
CORR FLIGHT S., INC. *Plaintiffs*

BY: _____
Wendi Litton, Esq.
Counsel
Direct: 662.228.5789
wlitton@nicholasair.com
Hannah Katherine Herrin, Esq. (MSB #105688)
Counsel
Direct: 662.212.5124
hherrin@nicholasair.com
*Attorneys for Plaintiffs*

RECEIVE THIS _____ DAY OF _____, 2023.

BY: _____
                                      SHERIFF

### SHERIFF'S RETURN

State of _____
County of _____

( ) I personally delivered copies of the summons and complaint on the _____ day of _____, 2023, to: _____.

( ) After exercising reasonable diligence, I was unable to deliver copies of the summons and complaint to _____ within Los Angeles County, California. I served the summons and complaint on the _____ day of _____, 2023, at the usual place of abode of said _____, by leaving a true copy of the summons and complaint with _____, who is the _____ of GlassDoor, Inc. and thereafter on the _____ day of _____, 2023, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

( ) I was unable to serve the summons and complaint.

This the _____ day of _____, 2023.

_____
Sheriff of Los Angeles County, California

By: _____
      Deputy Sheriff

