## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

| | |
|---|---|
| NICHOLAS SERVICES, LLC<br>D/B/A NICHOLAS AIR and<br>CORR FLIGHT S., INC.,<br><br>      Plaintiffs,<br><br>  v.<br><br>GLASSDOOR, INC. and<br>JOHN AND JANE DOE(S) 1-30,<br><br>      Defendants. | Civil Action No. 3:23cv448-MPM-RP |

## MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT GLASSDOOR LLC'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER THIS ACTION TO THE NORTHERN DISTRICT OF CALIFORNIA

## INTRODUCTION

Plaintiffs Nicholas Services, LLC ("Nicholas") and Corr Flight S., Inc. ("Corr") (collectively, "Plaintiffs") brought this action in plain disregard of their agreement, in writing, to file this lawsuit in northern California, and of 47 U.S.C. § 230's prohibition on bringing suit against website operators such as Defendant Glassdoor LLC ("Glassdoor") based on statements made on their sites by third parties. Moreover, the Court lacks personal jurisdiction over Glassdoor, as it is a California-based entity with no significant contacts with this state. Thus, this action should be either dismissed or transferred to the United States District Court for the Northern District of California.

*First*, Glassdoor is headquartered in San Francisco, California, and has no assets, offices or employees in Mississippi. Plaintiffs bring this action based on Glassdoor's alleged refusal to remove anonymous third parties' statements from its website on the theory that those statements are purportedly defamatory and reveal confidential information about Plaintiffs. Because Glassdoor has no connection to this state other than the fact that its website is, of course, viewable in Mississippi, Plaintiffs must show that the anonymous speakers (the "Does") specifically referred to Mississippi, and Plaintiffs' activities therein, in the statements at issue. *See, e.g., Evans v. Huffington Post.com, Inc.*, No. 1:19-cv-536-HSO-RHWR, 2022 WL 21320601, *5 (S.D. Miss. Apr. 27, 2022) (plaintiff failed to establish personal jurisdiction in Mississippi based on article on defendant's website because "[t]he Article at issue does not reference Mississippi, nor does it refer to the Mississippi activities of [plaintiff] or even mention that he is a Mississippi resident," and thus plaintiff did not show that the "'story targeted [Mississippi] in some way'") (quoting *Johnson v. TheHuffingtonPost.Com, Inc.*, 21 F.4th 314, 320 (5th Cir. 2021)). As Plaintiffs do not even recite the allegedly actionable statements in the Complaint, Plaintiffs cannot make this showing.

1

*Second*, even assuming the Court has personal jurisdiction over Glassdoor, this action should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Nicholas created a free employer account on Glassdoor's website, which permits Nicholas to respond to anonymous reviews of Nicholas posted on the site. As a condition of creating that account, Nicholas agreed to Glassdoor's Terms of Use ("TOU"), which require any claim against Glassdoor to be "brought and litigated exclusively in the state courts located within Marin County, California or the federal courts in the Northern District of California." Although Corr did not create a Glassdoor employer account, Corr should be considered bound by the TOU's forum selection clause as well. Because, according to Plaintiffs, Nicholas has no employees and is merely a "brand name" used by Corr, Corr directly benefited from Nicholas's agreement to the TOU and Nicholas's resulting ability to comment on employer reviews authored on Glassdoor's website. *See Sgic Strategic Global Inv. Capital, Inc. v. Burger King Europe GmbH*, No. 3:14-CV-3300-B, 2015 WL 12731761, *11 (N.D. Tex. Aug. 26, 2015) (despite not being parties to agreements at issue, plaintiffs "cannot circumvent the forum selection clause included in the franchise agreements because they 'embraced' these agreements by: (1) obtaining direct benefits from these contracts; and (2) asserting claims that must be determined by reference to these contracts").

*Third*, even assuming this case should remain in this Court, 47 U.S.C. § 230(c)(1) precludes all of Plaintiffs' claims against Glassdoor. As noted, all of Plaintiffs' claims against Glassdoor rely on Glassdoor's alleged failure to remove defamatory statements, or statements revealing confidential information about Plaintiffs, from Glassdoor's website. Section 230(c)(1), which provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," does not permit Plaintiffs to hold Glassdoor liable based on the Does' statements. *See, e.g., Doe v.*

*MySpace, Inc.*, 528 F.3d 413, 419 (5th Cir. 2008) (under Section 230(c)(1), "[p]arties complaining that they were harmed by a Web site's publication of user-generated content have recourse; they may sue the third-party user who generated the content, but not the interactive computer service that enabled them to publish the content online").

*Fourth*, even if Section 230(c)(1) does not bar Plaintiffs' claims against Glassdoor, Plaintiffs fail to state a claim under Mississippi law. Most notably, Plaintiffs' failure to set forth the allegedly actionable statements in the Complaint requires the dismissal of Plaintiffs' defamation claim and their related causes of action for "spread of hate speech" and tortious interference with contract and business relations. *See, e.g., Chalk v. Bertholf*, 980 So. 2d 290, 298 (Miss. Ct. App. 2007) (defamation claim properly dismissed because "the complaint failed to set forth the statements, paraphrased or verbatim, that constituted slander," and "[f]ailure to provide any substance regarding the allegedly slanderous words in the complaint against the appellees was fatal to the appellant's claim"); *Green Hills Dev. Co. v. Oppenheimer Funds, Inc.*, No. 3:19-CV-416, 2020 WL 376659, *6 (S.D. Miss. Jan. 23, 2020) (dismissing tortious interference with business relations claim because plaintiffs "fail . . . to identify the specific representations Defendants allegedly made, to whom, or why they are untrue or cast [plaintiff] in an unfair negative light").

## STATEMENT OF FACTS

Glassdoor is a Delaware limited liability company headquartered in San Francisco, California. (Exh. 1 - Decl. of Annie Khalid, Nov. 29, 2023 ("Khalid Decl."), ¶ 2.) Glassdoor has no offices, employees, assets or bank accounts located in Mississippi. (*Id.* ¶ 3.) Glassdoor has no agent for service of process or license to do business in this state. (*Id.* ¶ 4.)

Glassdoor operates a service, available via its website (glassdoor.com) or mobile application (collectively, the "Site"), which provides a forum for current and former employees of companies to anonymously voice opinions regarding those businesses. (*Id.* ¶ 5.) An employee can express an opinion about an employer on the Site by posting a "review" assigning the employer between one and five stars in a number of categories and discussing the employer's "pros and cons." (*Id.* ¶ 6.) Glassdoor does not author or edit the reviews on the Site, and makes explicit to users that it "assume[s] no responsibility for unintended, objectionable, inaccurate, misleading, or unlawful Content" on the Site. (*Id.* ¶¶ 8, 13 & Exh. B, ¶ 3.3(4).)

The Site allows an employer to create a free "employer account." (*Id.* ¶ 9.) An employer with a free employer account can, among other things, write responses to employer reviews concerning its business. (*Id.*) As a condition of creating such an account, an employer must, on the form used to sign up for a free employer account, "confirm [that] I represent HR, Recruiting, Marketing, PR, or am an executive at my company and I agree to Glassdoor's <u>Terms of Service</u> and <u>Privacy Policy</u> on behalf of my Company." (*Id.* ¶ 10 & Exh. A, at 2 (emphasis in original).) Clicking on the "Terms of Service" link on the form takes the user to Glassdoor's Terms of Use ("TOU"). (*Id.* ¶ 12.) Section 12.2.5 of the TOU provides:

> For claims subject to the exceptions to arbitration set forth in subpart 12.2.4, these Terms and any and all claims, disputes, or other legal proceedings by or between you or us, including but not limited to any such claims or disputes that are in any way related to or arising under these Terms or your access to or use of our services, shall be governed by the laws of the State of California without giving effect to any conflict-of-laws principles that may otherwise provide for the application of the law of another jurisdiction. <u>These claims or disputes shall be brought and litigated exclusively in the state courts located within Marin County, California or the federal courts in the Northern District of California</u>, as appropriate, and you agree to submit to the personal jurisdiction of each of these courts for the purpose of litigating such claims or disputes.

(*Id.* Exh. B, ¶ 12.2.5 (emphasis added).)  Per Section 12.2.4(3) of the TOU, Section 12.2.5 applies to, *inter alia*, "any legal proceedings brought against any of the Glassdoor Group[1] by companies or other legal entities, or individuals acting on behalf of such companies or other legal entities."  (*Id.* Exh. B, ¶ 12.2.4(3).)

According to the Complaint, Nicholas "is a private jet company" "headquartered at 300 South Lamar Court, Unit B, Oxford, MS 38655," and "has no employees and has no Employer Identification Number ('EIN')."  (Notice of Removal, Nov. 28, 2023, Dkt. No. 1 ("Notice"), Exh. A ("Compl."), ¶ 1.)  Corr, which is a Mississippi corporation, "is the employer for all employees who perform duties for the Nicholas Air brand."  (*Id.* ¶ 2.)  Despite its claim not to have any employees, Nicholas filed a "2023 LLC Annual Report" with the Mississippi Secretary of State saying it has a "President," Peder von Harten, and a "Secretary" and "Treasurer," Karen Thornton.  (Exh. 2 - Decl. of William J. Frimel, Nov. 29, 2023 ("Frimel Decl."), Exh. A, at 2.)  Nicholas also states that it offers employment opportunities on its website and on LinkedIn.com.  (*Id.* Exhs. D, E.)  Further, in a September 12, 2023 letter to Glassdoor, Nicholas stated that "[a]ll employees working for Nicholas Air sign both a Trade Secret/Non-Solicitation Confidential Information Agreement . . . and a Non-Disclosure of Information Agreement . . . as a condition of their employment."  (*Id.* Exh. B, at 3.)  On May 19, 2021, Abby Carlton, Nicholas's "Marketing Coordinator," created an employer account on the Site.  (Exh. 1 - Khalid Decl. ¶¶ 14-15 & Exh. C.)  This required Carlton, as discussed, to agree to the TOU on behalf of Nicholas.  (*Id.* ¶ 10 & Exh. A.)

---

[1] The "Glassdoor Group" means Glassdoor LLC and its "affiliates and subsidiaries and our and their respective officers, directors, board members, board advisors, employees, partners, agents successors and assigns."  (Exh. 1 - Khalid Decl. Exh. B, at 1 & ¶ 7.)

Plaintiffs brought this action (the "State Action") in the Circuit Court of Lafayette County, Mississippi (the "State Court") against Glassdoor and a group of anonymous defendants (the "Does"). (Compl.) In the Complaint, Plaintiffs allege that the Does authored ten "reviews" purporting to be written by "alleged employees and/or previous employees" of Nicholas on the Site that "are false, defamatory, malicious, discriminatory, spread hate speech, and/or disclose confidential and proprietary business information (the 'Reviews')." (*Id.* ¶ 12.) Plaintiffs do not specify the allegedly objectionable statements in the Reviews. Concurrent with the filing of the Complaint, Plaintiffs filed a motion in the State Action for leave to file the Reviews under seal on the ground that they contain "defamatory, hateful, and harmful language" and "trade secret, confidential, and/or proprietary business information . . . ." (Exh. 2 - Frimel Decl. Exh. C, at 2-3.) Because of the Reviews' allegedly "confidential nature," Plaintiffs will not "provide[]" the Reviews "to Defendants until further order of this Court." (*Id.* Exh. C, at 1 n.1.)

"On numerous occasions," Plaintiffs claim, "Nicholas Air has contacted GlassDoor [sic] to have the Reviews removed . . . ." (*Id.* ¶ 16.) "Despite being reassured that [Plaintiffs'] demand had been 'escalated to a senior member of the Content team' and that GlassDoor [sic] was 'working diligently to respond,' Nicholas Air has received no response to date." (*Id.* ¶ 18.) Accordingly, Plaintiffs filed this action, which seeks to hold Glassdoor liable for the contents of the Reviews on the ground that Glassdoor failed to remove the Reviews from the Site. (*Id.* ¶¶ 27, 35, 42.)

## **ARGUMENT**

## I. THIS ACTION SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER GLASSDOOR

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the

nonresident." *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). "The Court takes the allegations of the complaint as true, unless they are controverted by opposing affidavits." *Haas Outdoors, Inc. v. Dryshod Int'l., LLC*, 347 F. Supp. 3d 266, 269 (N.D. Miss. 2018).

"Personal jurisdiction may be general or specific." *Evans v. Huffington Post.com, Inc.*, No. 1:19-cv-536-HSO-RHWR, 2022 WL 21320601, *4 (S.D. Miss. Apr. 27, 2022). "Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Admar Int'l., Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 786 (5th Cir. 2020). Neither variety of jurisdiction is present here.

### A. The Court Lacks General Jurisdiction over Glassdoor

Glassdoor is headquartered in San Francisco, California. (Exh. 1 - Khalid Decl. ¶ 2.) Glassdoor has no offices, employees, assets or bank accounts located in Mississippi. (*Id.* ¶ 3.) Glassdoor has no agent for service of process or license to do business in this state. (*Id.* ¶ 4.) Instead, Glassdoor's only contact with this state consists of the fact that the Site is accessible here, and that is insufficient to give rise to general jurisdiction. *See Monkton Ins. Servs., Ltd. v. Ritter,* 768 F.3d 429, 432 (5th Cir. 2014) (defendant's "website is insufficient to establish general jurisdiction in this case" because, "at most, [defendant's] website shows that [defendant] conducts business with Texas, not in Texas"); *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002) (defendant's mere "internet presence in Texas quite obviously falls far short of th[e] standard" for "general jurisdiction").

### B. The Court Lacks Specific Jurisdiction over Glassdoor

Plaintiffs do not cite the Reviews' allegedly defamatory, or confidential, language in the Complaint. Instead, in the State Action, Plaintiffs submitted a motion to file the Reviews under seal "[d]ue to their confidential nature," and will not "provide[]" them "to Defendants until further order of this Court." (Exh. 2 - Frimel Decl. Exh. C, at 1 n.1.) The State Court has not ruled on Plaintiffs' motion (*id.* ¶ 5), but in any case, Plaintiffs' request to seal the Reviews is without merit. Reviews authored on the Site are publicly available (Exh. 1 - Khalid Decl. ¶ 7), and Plaintiffs attached either some or all of the Reviews at issue to correspondence with Glassdoor, which is under no obligation to keep them confidential (Exh. 2 - Frimel Decl. Exh. B). Courts "heavily disfavor sealing information placed in the judicial record," and "[p]ublicly available information cannot be sealed." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022); *see also Ferrari v. Francis*, --- F. Supp. 3d ---, 2023 WL 5004066, *2 (N.D. Tex. Aug. 4, 2023) (denying motion to seal because, *inter alia*, "Plaintiff has undermined his asserted privacy interest by publicly filing documents related to his criminal record," and "the documents Plaintiff seeks to seal are currently available in the public record").

In any event, as the Reviews are not in the record, there is no evidence that the Reviews make any reference to Mississippi, or to Plaintiffs' activities specifically within this state. Thus, Plaintiffs cannot establish specific jurisdiction based on the Reviews. *See Evans*, 2022 WL 21320601, *5 (plaintiff failed to establish personal jurisdiction in Mississippi based on article on defendant's website because "[t]he Article at issue does not reference Mississippi, nor does it refer to the Mississippi activities of [plaintiff] or even mention that he is a Mississippi resident," and thus plaintiff did not show that the "'story targeted [Mississippi] in some way'") (quoting *Johnson v. TheHuffingtonPost.Com, Inc.*, 21 F.4th 314, 320 (5th Cir. 2021)); *see also Johnson*,

21 F.4th 314, 316, 320 (5th Cir. 2021) (website article at issue "said nothing about Texas, nor did it rely on sources based in Texas or recount conduct that occurred in Texas," and thus personal jurisdiction in Texas was lacking because plaintiff failed to show that the "story targeted Texas in some way"); *Revell*, 317 F.3d at 475 (specific jurisdiction over internet bulletin board in Texas was absent because "the post to the bulletin board . . . . was not directed specifically at Texas").

Accordingly, this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

## II.     ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA

### A.  Nicholas Agreed to Litigate this Action in Either Marin County, California State Court or the Northern District of California

As noted, Nicholas created a free employer account on the Site.  (Exh. 1 - Khalid Decl. ¶ 14 & Exh. C.)  As a condition of creating such an account, Nicholas was required to agree to the Site's Terms of Use (the "TOU").  (*Id.* ¶ 10 & Exh. A.)  Section 12.2.5 of the TOU provides:

> For claims subject to the exceptions to arbitration set forth in subpart 12.2.4, these Terms and any and all claims, disputes, or other legal proceedings by or between you or us, including but not limited to any such claims or disputes that are in any way related to or arising under these Terms or your access to or use of our services, shall be governed by the laws of the State of California without giving effect to any conflict-of-laws principles that may otherwise provide for the application of the law of another jurisdiction.  <u>These claims or disputes shall be brought and litigated exclusively in the state courts located within Marin County, California or the federal courts in the Northern District of California</u>, as appropriate, and you agree to submit to the personal jurisdiction of each of these courts for the purpose of litigating such claims or disputes.

(*Id.* Exh. B, ¶ 12.2.5 (emphasis added).)  Per Section 12.2.4(3) of the TOU, Section 12.2.5 applies to, *inter alia*, "any legal proceedings brought against any of the Glassdoor Group by companies or other legal entities, or individuals acting on behalf of such companies or other legal entities."  (*Id.* Exh. B, ¶ 12.2.4(3).)

Glassdoor's understanding, based on the parties' discussions, is that Nicholas takes the position that, because the Site requires a user wishing to respond in writing to an employer

review to sign up for an employer account (and therefore to accept the TOU), Nicholas had no choice but to sign up for an employer account even though it in fact has no employees. (Exh. 2 - Frimel Decl. ¶ 8.) Nicholas's claim to have no employees is dubious at best. (*See* § IV.A.2 *infra*.) But even assuming it is accurate, Glassdoor was under no obligation to allow non-employer users like Nicholas to respond to employer reviews on the Site. Rather, Glassdoor is generally free to determine its site's terms of use. *See, e.g., Prager Univ. v. Google LLC*, No. 17-CV-06064-LHK, 2018 WL 1471939, *2, 8 (N.D. Cal. Mar. 26, 2018) (dismissing First Amendment claim to the effect that YouTube "discriminated against Plaintiff based on Plaintiff's political identity and viewpoint by censoring certain videos that Plaintiff uploaded on YouTube" because "Defendants are private entities who created their own video-sharing social media website and make decisions about whether and how to regulate content that has been uploaded on that website"). Thus, Nicholas's suggestion that it had some unconditional right to respond to employer reviews without agreeing to Glassdoor's Terms of Use is mistaken.

## B. Corr Is also Bound by the Forum Selection Clause Due to Its Close Affiliation with Nicholas

Although Corr did not create a Glassdoor employer account and thus did not expressly agree to the TOU, it should be considered bound by the TOU's forum selection clause under theories of direct-benefit estoppel and agency. "Ordinary principles of contract and agency law may be called upon to bind a nonsignatory to an agreement whose terms have not clearly done so," on "theories" of, *inter alia*, "(a) incorporation by reference; (b) assumption; (c) agency; (d) veil-piercing/alter ego; (e) estoppel; and (f) third-party beneficiary." *Hellenic Inv. Fund, Inc. v. Det Norske Veritas*, 464 F.3d 514, 517 (5th Cir. 2006).

10

### 1.  Corr is bound by the TOU under a direct-benefit estoppel theory

"Direct-benefit estoppel 'involve[s] non-signatories who, during the life of the contract, have embraced the contract despite their non-signatory status . . . .'"  *Id.* at 517-18 (quoting *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 200 (3d Cir. 2001)).

According to Plaintiffs, "Nicholas Air has no employees," and "Corr Flight is the employer for all employees who perform duties for the Nicholas Air brand."  (Compl. ¶¶ 1, 2.)  Moreover, "[a]ll employees of Corr Flight are required to sign" agreements "as a condition of employment" that "prohibit disclosure of any and all information related to or in any way connected with Corr Flight and Nicholas Air's businesses and operations . . . ."  (*Id.* ¶ 14.)  Assuming Plaintiffs' allegations are correct, Corr employees directly benefited from Nicholas's agreement to Glassdoor's TOU, because Corr, as the employer of anyone acting under the auspices of the Nicholas "brand," thereby gained the ability to write responses to employer reviews on the Site.  (Exh. 1 - Khalid Decl. ¶¶ 9-10.)  *See Hellenic Inv. Fund, Inc.*, 464 F.3d at 519 (as complaint alleged that defendant "'knew, or should have known[]' that its representations" in contract at issue "'were intended for [Hellenic]'s guidance and benefit in a business transaction,'" and, "[h]aving stated a claim that expressly requires that [defendant's] performance be for Hellenic's benefit, Hellenic cannot avoid the estoppel implications of its position"); *Sgic Strategic Global Inv. Capital, Inc. v. Burger King Europe GmbH*, No. 3:14-CV-3300-B, 2015 WL 12731761, *11 (N.D. Tex. Aug. 26, 2015) (plaintiffs "cannot circumvent the forum selection clause included in the franchise agreements because they 'embraced' these agreements by:  (1) obtaining direct benefits from these contracts; and (2) asserting claims that must be determined by reference to these contracts").

### 2. Corr is bound by the TOU under an agency theory

"Under ordinary agency principles, a principal is bound by contracts executed by an agent with actual or apparent authority." *OSU Pathology Servs., LLC v. Aetna Health, Inc.*, No. 2:11–cv–005, 2011 WL 1691830, *13 (S.D. Ohio May 4, 2011). Because Nicholas, according to Plaintiffs, was merely acting as a "brand" under which Corr offers its services when Nicholas signed up for an employer account on the Site, Nicholas was effectively acting as Corr's agent in doing so, and thus Corr should be subject to the forum selection clause. *See id.* (because "OSU Physicians acted as the agent for OSU Pathology with both actual and apparent authority" in entering into agreement with arbitration clause, OSU Pathology "was bound by that agreement").

### C. The Section 1404(a) Factors Dictate that this Case Should Be Transferred to the Northern District of California

"A motion to transfer under 28 U.S.C. § 1404(a) is 'the appropriate provision to enforce [a] forum-selection clause . . . .'" *Canterbury Affordable Housing, LLC v. UBS Grp. AG*, No. 4:18-CV-179-DMB-JMV, 2018 WL 5928544, *2 (N.D. Miss. Nov. 13, 2018). A motion to transfer ordinarily requires a court to consider a series of factors relating to "the interests of the litigants, and the interests of the public and judicial system writ large." *In re Rolls Royce Corp.*, 775 F.3d 671, 677 (5th Cir. 2014). But where, as here, "the parties hold a valid forum selection clause, . . . . the district court cannot independently weight the parties' private interests, but must deem such interests to weigh in favor of the preselected forum, the parties having struck balance by their selection contract. Accordingly, only the public-interests may weigh against transfer, and '[b]ecause those factors will rarely defeat a transfer motion, the practical result is that the forum-selection clauses should control except in unusual cases.'" *Id.* at 678 (quoting *Atlantic Marine Const. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 51 (2013)).

"The public-interest factors . . . include 'administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 776 (5th Cir. 2016) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260 n.6 (1981)).

None of the public interest factors weighs against a transfer. There is no evidence that court congestion is a more severe problem in the Northern District of California than in this District. This is not a "localized controversy" in the sense that the relevant events occurred in Mississippi — rather, as this action concerns the alleged refusal by Glassdoor, which is headquartered in Northern California (Exh. 1 - Khalid Decl. ¶ 2), to remove the Reviews, it relates to conduct that took place in California. *See, e.g., Harland Clarke Holdings Corp. v. Milken*, 997 F. Supp. 2d 561, 588 (W.D. Tex. 2014) ("localized controversy" factor did not weigh against transfer, because "[m]ost of the relevant events underlying this lawsuit took place outside of San Antonio" and "the forum-selection clause designates Delaware as the exclusive forum"). The parties expressly opted for this dispute to be governed by California law in the TOU (Exh. 1 - Khalid Decl. Exh. B, ¶ 12.2.5), and thus there is no question that the Northern District of California will be "at home with the law that must govern the action." *See Fintech Fund, FLP v. Horne*, 327 F. Supp. 3d 1007, 1028 (S.D. Tex. 2018) (the fact that "the parties agreed that 'the arbitration agreement in this Section 12A is governed by English law'" "weigh[ed] in favor of dismissal of this action" under forum selection clause). Finally, because Glassdoor is headquartered in Northern California, that District is not an "unrelated forum." *See*

*id.* (the fact that "Defendant is a citizen of the UK" supported dismissal under forum selection clause).

Accordingly, as agreed by Plaintiffs, this action should be transferred to the Northern District of California. *See, e.g., Canterbury Affordable Housing, LLC,* 2018 WL 5928544, *3 ("[T]he Court concludes that the forum selection clause is enforceable and that, therefore, the defendants' motion to transfer must be granted."); *Southeastern Consulting Grp., Inc. v. Maximus, Inc.*, 387 F. Supp. 2d 681, 686 (S.D. Miss. 2005) ("[I]n light of the great weight given to the forum selection clause and after considering the traditional § 1404 factors, this Court finds that venue of this case should be transferred to the Eastern District of Virginia.").

## D. The Northern District of California is a District Where this Action "Might Have Been Brought"

Finally, the Northern District of California (the "NDCA") is a judicial district where this action "might have been brought," as required by 28 U.S.C. § 1404(a). The NDCA has personal jurisdiction over Glassdoor, as it is headquartered in California. (Exh. 1 - Khalid Decl. ¶ 2.) *See, e.g., Dale v. First Am. Nat'l. Bank*, 395 F. Supp. 2d 451, 454 (S.D. Miss. 2005) (transferee district had personal jurisdiction over defendants, as "both defendants do business in Tennessee and are clearly subject to personal jurisdiction there"). Venue is also proper in the NDCA. This action is premised on Glassdoor's alleged refusal to remove the Reviews from the Site (Compl. ¶¶ 16-19), and any such decisions by Glassdoor are made by persons located in California (Exh. 1 - Khalid Decl. ¶ 16). Thus, the NDCA is a district in which a "substantial part of the events or omissions" giving rise to Plaintiffs' claim occurred under 28 U.S.C. § 1391(b)(2). *See Dale*, 395 F. Supp. 2d at 454 ("Venue is undeniably proper in Tennessee pursuant to 28 U.S.C. § 1391, as 'a substantial part of the events or omissions giving rise to the claim' occurred in the Middle District of Tennessee.").

**III.    47 U.S.C. § 230 PRECLUDES ALL CAUSES OF ACTION AGAINST GLASSDOOR**

Even assuming this case should not be dismissed for lack of personal jurisdiction or transferred, all of Plaintiffs' claims against Glassdoor are barred by 47 U.S.C. § 230, also known as the Communications Decency Act.  As discussed, the Complaint alleges that the Does posted "numerous reviews" "on GlassDoor's [sic] website" that "are false, defamatory, malicious, discriminatory, spread hate speech, and/or disclose confidential and proprietary business information" regarding Plaintiffs.  (Compl. ¶ 12.)  Plaintiffs "contacted GlassDoor to have the Reviews removed and informed [Glassdoor] that the Reviews require removal . . . ."  (*Id.* ¶ 16.)  Although Glassdoor "reassured" Plaintiffs "that GlassDoor [sic] was 'working diligently to respond,' Nicholas Air has received no response to date."  (*Id.* ¶ 18.)

Glassdoor's alleged liability under each of Plaintiffs' causes of action is based on Glassdoor's purported failure to remove the Reviews from the Site at Plaintiffs' request:

- Count One of the Complaint, for defamation, alleges that Glassdoor "re-published the Reviews on their [sic] website for public viewing" (*id.* ¶ 25), and "refused to remove the Reviews, which evidences at least negligence, but most likely gross negligence and/or actual malice towards Plaintiffs" (*id.* ¶ 27);

- Count Two, which is for "spread of hate speech" (*id.* ¶¶ 29-32), does not explain the basis for Glassdoor's purported liability.  However, to the extent Plaintiffs claim Glassdoor engaged in such conduct, they presumably rely on Glassdoor's republication of and refusal to remove the Reviews, as they do not articulate any other possible reason for Glassdoor's liability;

- Count Three, for "tortious interference with business relations," alleges that "GlassDoor [sic] published and refused to remove the Reviews in calculated manner [sic] to cause damage to the Plaintiffs' businesses" (*id.* ¶ 37);

- Count Four, for "tortious interference with contracts," also alleges that "GlassDoor [sic] published and refused to remove the Reviews in calculated manner [sic] to cause damage to the Plaintiffs' businesses" (*id.* ¶ 42);

- Count Five, for "breach of contract" (*id.* ¶¶ 47-50), alleges no basis for Glassdoor's purported liability.  However, to the extent Plaintiffs seek to hold Glassdoor liable for the

Does' alleged breach of contract, they presumably rely on Glassdoor's alleged republication of and refusal to remove the Reviews;

- Count Six, for "breach of the duty of good faith and fair dealing" (*id.* ¶¶ 51-52), likewise does not set forth the basis for Glassdoor's alleged liability, but to the extent Plaintiffs claim Glassdoor is liable under this Count they presumably rely on its alleged republication of and refusal to remove the Reviews as well.

Under 47 U.S.C. § 230(c)(1), "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." Glassdoor is a "provider of an interactive computer service" within the meaning of Section 230(c)(1), and thus is subject to Section 230(c)(1)'s protection. *See Kurland & Assocs., P.C. v. Glassdoor, Inc.*, 166 N.Y.S.3d 847, 848 (N.Y. App. Div. 2022) ("As a provider of an interactive computer service that plaintiff seeks to hold liable for information created by a third party, Glassdoor is immune from liability under the Communications Decency Act," *i.e.*, 47 U.S.C. § 230); *Craft Beer Stellar, LLC v. Glassdoor, Inc.*, No. 18-10510-FDS, 2018 WL 5505247, *3 (D. Mass. Oct. 17, 2018) ("Glassdoor's decisions to remove the 'review,' and to permit an updated version to be re-posted, constituted the exercise of a traditional editorial function. Without more, Glassdoor cannot be deemed responsible for creating or developing the content. Accordingly, Glassdoor is an 'interactive computer service' covered by the grant of immunity in § 230.").

As Plaintiffs' causes of action, insofar as they are asserted against Glassdoor, all rely on Glassdoor's alleged republication of the Reviews and refusal to remove the Reviews from its site, Plaintiffs are attempting to "treat[]" Glassdoor "as the publisher or speaker of . . . information provided by" the Does, and thus Section 230(c)(1) precludes Plaintiffs' claims. *See Doe v. MySpace, Inc.*, 528 F.3d 413, 419 (5th Cir. 2008) (under Section 230(c)(1), "[p]arties complaining that they were harmed by a Web site's publication of user-generated content have recourse; they may sue the third-party user who generated the content, but not the interactive

16

computer service that enabled them to publish the content online"); *Hinton v. Amazon.com.dedc, LLC*, 72 F. Supp. 3d 685, 690 (S.D. Miss. 2014) (because "the Court finds that all of the Plaintiff's claims against eBay arise or 'stem[ ] from the [ ] publication of information [on www.ebay.com] created by third parties[,]' . . . CDA," *i.e.*, Section 230(c)(1), "immunity will attach in the absence of a statutory exception"); *Miles v. Raycom Media, Inc.*, No. 1:09CV713, 2010 WL 3419438, *3 (S.D. Miss. Aug. 26, 2010) (as plaintiff "alleges that the defendants 'ran a news article'" on its website "'and subsequently allowed unfiltered online comments which contained false information,' . . . . the Court finds that the defendants are immune from liability for the allegedly defamatory third-party comments published on its website pursuant to the Communications Decency Act").

## IV.  PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION AGAINST GLASSDOOR

Even assuming Glassdoor's TOU are inapplicable and Section 230(c)(1) does not preclude all of Plaintiffs' causes of action against Glassdoor, Plaintiffs' allegations in support of those causes of action are insufficient to state a claim under Mississippi law.

### A.  Defamation (Count One)

#### 1.  Plaintiffs failed to reproduce the allegedly defamatory statements in the Complaint

Plaintiffs do not set forth the allegedly defamatory statements in the Complaint.  Instead, Plaintiffs say only that the statements are "false, defamatory, malicious, discriminatory, spread hate speech, and/or disclose confidential and proprietary business information."  (Compl. ¶ 12.) As Mississippi law requires Plaintiffs to specify the contents of the allegedly defamatory statements, this count must be dismissed.  *See Chalk v. Bertholf*, 980 So. 2d 290, 298 (Miss. Ct. App. 2007) (defamation claim properly dismissed because "the complaint failed to set forth the statements, paraphrased or verbatim, that constituted slander," and "[f]ailure to provide any

substance regarding the allegedly slanderous words in the complaint against the appellees was fatal to the appellant's claim"); *RPM Pizza, LLC v. Risk & Ins. Consultants, Inc.*, No. 1:21-cv-158, 2021 WL 5234554, *2-3 (S.D. Miss. Nov. 8, 2021) (because "a plaintiff alleging slander must include in his complaint 'the statements, paraphrased or verbatim, that constituted slander,'" and "Defendants merely relate the 'general topics' of Plaintiff's allegedly slanderous comments," defamation claim dismissed).

In the State Action, Plaintiffs filed a motion for leave to file the Reviews under seal. (Exh. 2 - Frimel Decl. Exh. C.)  Plaintiffs did not provide the Reviews, or identify the challenged portions of them, to Glassdoor in their motion, stating that, "[d]ue to their confidential nature," they "are not being provided to Defendants until further order of this Court."  (*Id.* Exh. C, at 1.) To the extent Plaintiffs argue that they need not identify the offending language in the Reviews because the motion to seal is pending, Plaintiffs are mistaken.  As discussed (*see* § I.B *supra*), because Plaintiffs already provided some or all of the Reviews to Glassdoor in correspondence, and employer reviews on the Site are publicly available in any event, Plaintiffs' request to seal the Reviews is improper.  *See June Med. Servs., L.L.C.*, 22 F.4th at 519-20; *Ferrari*, 2023 WL 5004066, *2.

### 2. The Reviews' alleged claim that the Does are or were employed by Nicholas is not defamatory

Even if Plaintiffs' claim that "Nicholas Air is not and was never the employer of Authors" (*i.e.*, the Does) "as they allege" (Compl. ¶ 22) is sufficient to allege, for the purposes of the above-cited authorities, that the Reviews claim the Does are current or former Nicholas employees, the mere suggestion that the Does are current or former employees of Nicholas is not defamatory.  To be defamatory under Mississippi law, a statement must "expose" the plaintiff "to public hatred, contempt or ridicule, degrade him in society, lessen him in public esteem or lower

18

him in the confidence of the community." *Journal Pub. Co. v. McCullough*, 743 So.2d 352, 360

(Miss. 1999). Simply claiming the Does are or were Nicholas's employees, without more, does

not tend to subject Nicholas to hatred, contempt or ridicule. *See, e.g., Fulton v. Miss. Publishers*

*Corp.,* 498 So.2d 1215, 1217 (Miss. 1986) (article's statement that "[s]ome questions that remain

to be answered are why the [plaintiffs] signed a quitclaim deed for land they did not own and

why no one was paying taxes on the marshland property between 1970 and 1974" "was not

defamatory," because simply asking that question did not "injure the [plaintiffs'] reputation, [or]

expose them to public hatred, contempt or ridicule"); *Perkins v. Littleton*, 270 So.3d 208, 216

(Miss. Ct. App. 2018) (trial court properly granted summary judgment on defamation claim

because "it is not inherently defamatory to assert that a person sought to obtain a political

advantage by telling a reporter about a matter of public record involving a candidate for public

office").

In any case, judicially noticeable evidence[2] indicates that, contrary to its claims, Nicholas

does in fact have employees. Specifically, Nicholas (1) filed a "2023 LLC Annual Report" with

the Mississippi Secretary of State saying Nicholas has a "President," Peder Von Harten, and a

"Secretary" and "Treasurer," Karen Thornton (Exh. 2 - Frimel Decl. Exh. A); and (2) sent a letter

---

[2] "When deciding a Rule 12(b)(6) motion to dismiss, . . . . [t]he Court may consider . . . matters of which a court may take judicial notice.'" *ShareCor, L.L.C. v. Santa Rosa Consulting, Inc.*, No. 16-519-JJB-RLB, 2017 WL 738497, *2 (M.D. La. Feb. 24, 2017) (quoting *Randall D. Wolcott, M.D., P.A. v. Sebelius,* 635 F.3d 757, 763 (5th Cir. 2011)). Thus, because "certified copies of the Annual Franchise Tax Reports filed" by defendant "with the Delaware Secretary of State [we]re public documents. . . . the Court shall take judicial notice of the Annual Franchise Tax Reports." *Id.* Further, a district court may rely on evidence outside the complaint, without converting the Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201. *George v. SI Grp., Inc.,* 36 F.4th 611, 619 (5th Cir. 2022) (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)).

to Glassdoor stating that "[a]ll *employees working for Nicholas Air* sign both a Trade Secret/Non-Solicitation Confidential Information Agreement . . . and a Non-Disclosure of Information Agreement . . . as a condition of their *employment*" (*id.* Exh. B, at 3 (emphasis added)).  Thus, the claim that Nicholas has employees is substantially truthful, and not actionable as defamation.  *See Armistead v. Minor*, 815 So.2d 1189, 1194, 1196 (Miss. 2002) (because defendant's "assessment concluding that [plaintiff's] law enforcement and race relations reputation for nearly 40 years . . . were [sic] fundamentally accurate," "summary judgment was proper because the bulk of the published statements are substantially true"); *Fulton*, 498 So.2d at 1217 (defendant's statement that "no evidence could be found that the [plaintiffs] ever owned the property quitclaimed" was "substantially true and hence not actionable" because "[t]he evidence reflected that the quitclaim deed covered a tract of land, at least nine tenths of which had never been owned by the [plaintiffs] at any time").

### B.  "Spread of Hate Speech" (Count Two)

Plaintiffs assert that "one Review spreads hate speech by attacking Plaintiffs and Corr Flight employees for their religious affiliation and even goes as far as saying there is a 'special place in hell' for Plaintiffs and/or Corr Flight employees."  (Compl. ¶ 31.)  It is unclear from the Complaint whether the cited review's alleged claim that "there is a 'special place in hell'" for Plaintiffs' employees is the basis for Plaintiffs' allegation of religious discrimination, or whether some other, unspecified statement is.  Thus, this Count also fails to adequately advise Glassdoor of which statements Plaintiffs claim are actionable, and should be dismissed for the same reasons as Count One.  *See Chalk*, 980 So. 2d at 298; *RPM Pizza, LLC*, 2021 WL 5234554, *2-3.

In any event, Mississippi law does not recognize a cause of action for "hate speech," and in fact acknowledges that prohibiting speech expressing ill will toward someone based on their

religious affiliation would be unconstitutional. *See Edwards v. State*, 294 So. 3d 671, 677-78 (Miss. Ct. App. 2020) (because "speech does not lose its constitutional protection simply because its purpose or intent is to cause injury," statute criminalizing online "messages sent 'for the purpose of causing injury to any person'" violated First Amendment); *see also R.A.V. v. City of St. Paul*, 505 U.S. 377, 391 (1992) (city ordinance prohibiting speech "that insult[s], or provoke[s] violence, 'on the basis of race, color, creed, religion or gender'" violated the First Amendment because "[t]he First Amendment does not permit [the city] to impose special prohibitions on those speakers who express views on disfavored subjects"); *C1.G on behalf of C.G. v. Siegfried*, 38 F.4th 1270, 1276, 1279 (10th Cir. 2022) (public high school's conduct of "disciplin[ing] [plaintiff] for what amounts to off-campus hate speech" based on social media post "is a First Amendment violation").

## C. Tortious Interference with Business Relations (Count Three)

To prove their claim for tortious interference with business relations, Plaintiffs must show that "(1) The acts [by Glassdoor] were intentional and willful; (2) The acts were calculated to cause damage to the plaintiff in its lawful business; (3) The acts were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) Actual damage and loss resulted." *Seven Seas Techs., Inc. v. Infinite Computer Solutions, Inc.*, 353 F. Supp. 3d 545, 549 (S.D. Miss. 2018). Plaintiffs fail to meet these requirements.

*First*, as with Counts One and Two, Plaintiffs are required, but fail, to identify the statements that allegedly interfered with their customer relationships. *See Green Hills Dev. Co. v. Oppenheimer Funds, Inc.*, No. 3:19-CV-416, 2020 WL 376659, *6 (S.D. Miss. Jan. 23, 2020) (dismissing plaintiffs' tortious interference with business relations claim because plaintiffs "fail .

21

. . to identify the specific representations Defendants allegedly made, to whom, or why they are untrue or cast [plaintiff] in an unfair negative light").

*Second*, to state a claim for tortious interference, "the courts of Mississippi require that the claimant identify the timeframe of the interference as well as the customers or business relationships which were lost." *RPM Pizza, LLC*, 2021 WL 5234554, \*5. As Plaintiffs do not identify any customers or business relationships they allegedly lost due to the Reviews, this Count must be dismissed. *See Green Hills Dev. Co.*, 2020 WL 376659, \*6 (plaintiffs "do not plead non-conclusory facts demonstrating that" defendants' conduct "interfered with Green Hills's customers. For example, which customers quit doing business with Green Hills, when, and how was it related to these events?"); *Pie Dev., LLC v. Pie Ins. Holdings, Inc.*, No. 3:19-CV-792, 2021 WL 3206043, \*10 (S.D. Miss. Jul. 21, 2021) (as plaintiff's tortious interference claim "fails utterly to identify any customer which it allegedly lost due to defendants' actions," plaintiffs' "mere conclusory statements . . . do not suffice to survive a motion to dismiss").

*Third*, Plaintiffs do not identify any reason why Glassdoor might have intended to interfere with Plaintiffs' actual or potential business relationships, and no plausible one exists. As Plaintiffs admit, Glassdoor "is a website forum where employees or former employees post reviews of their employers or previous employers" (Compl. ¶ 3), and is not a competitor or disgruntled customer or business partner of Plaintiffs. *See RPM Pizza, LLC*, 2021 WL 5234554, \*5 (dismissing tortious interference claim because "Defendants do not submit any unjustified or wrongful interest or motivation Plaintiff may have had in orally informing its fellow policyholders of supposed falsehoods about Defendants").

### D. Tortious Interference with Contracts (Count Four)

The elements of a claim for tortious interference with contract are "(1) that the acts were intentional and willful; (2) that they were calculated to cause damage to the plaintiffs in their lawful business; (3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) that actual damage and loss resulted." *Cenac v. Murry*, 609 So. 2d 1257, 1268-69 (Miss. 1992).

As with Plaintiffs' tortious interference with business relations claim, this Count must be dismissed because Plaintiffs (1) fail to specify what statements purportedly interfered with Plaintiffs' contractual relationships, *see Green Hills Dev. Co.*, 2020 WL 376659, *6; (2) fail to identify any customers whose contracts with Plaintiffs were purportedly interfered with, *see id.* at *6; *Pie Dev., LLC*, 2021 WL 3206043, *10; and (3) do not explain why Glassdoor would have any reason to try to interfere with Plaintiffs' contracts with their customers, *see Staples v. Regions Bank*, 825 F. Supp. 2d 754, 759 (N.D. Miss. 2011) (dismissing tortious interference with contract claim because "there is no indication whatsoever in this case that the medical providers made medical disclosures 'with the unlawful purpose of causing damage and loss, without right or justifiable cause' as required to support a tortious interference claim under Mississippi law").

### E. Breach of Contract (Count Five)

Plaintiffs next allege that, "[i]f the Authors were and/or are employees of Corr Flight, they executed Confidentiality and Non-Disclosure Agreements as a condition of employment," and, "[b]y disclosing business information protected under the Agreements in the Reviews, Authors breached and continue to breach the Agreements." (Compl. ¶ 48.) It is unclear whether Plaintiffs intend to assert this Count against Glassdoor. In any event, Plaintiffs do not, and cannot, allege that Glassdoor is a party to any contract with Plaintiffs, apart from the Terms of

Use to which Plaintiffs agreed when Nicholas created an employer account on the Site. Thus, Plaintiffs cannot state a claim for breach of contract against Glassdoor based on the Reviews. *See Bissette v. Univ. of Miss. Med. Ctr.*, 282 So. 3d 507, 515 (Miss. Ct. App. 2019) ("because [defendant] was not a party to the contract" at issue, "there is no breach of the agreement by him individually"); *Divinity v. Allstate Ins. Co.*, No. 3:17-CV-622-CWR-FKB, 2017 WL 11562661, *2 (S.D. Miss. Oct. 12, 2017) (as defendant "was not a party to th[e] contract" at issue, "[t]his evidence negates any possibility that [defendant] could be liable on a breach of contract claim").

### F.  Good Faith and Fair Dealing (Count Six)

Finally, Plaintiffs assert that the Does' "breach of contract were [sic] deliberate, intentional, and malicious acts, in reckless disregard for Nicholas Air's rights, and constitute [sic] a breach of the duty of good faith and fair dealing." (Compl. ¶ 52.)  Again, it is unclear whether Plaintiffs mean to assert this claim against Glassdoor, but assuming they do, this claim must be dismissed as to Glassdoor, as Plaintiffs nowhere allege that Glassdoor is a party to any contract purportedly breached as a result of the Reviews' publication.  *See Macke v. Am. Gen'l. Life Ins. Co.*, No. 3:15CV853-TSL-RHW, 2016 WL 83875, *2 (S.D. Miss. Jan. 7, 2016) (dismissing good faith and fair dealing claim because, "for there to be a breach of the implied duty of good faith and fair dealing, there must be an existing contract and a breach of the contract by the defendant"); *Daniels v. Parker & Assocs., Inc.*, 99 So. 3d 797, 801 (Miss. Ct. App. 2012) (because "to have a breach of the duty of implied good faith and fair dealing there must first be an existing contract and then a breach of that contract," and "at the time of the alleged breach of good faith and fair dealing, the parties were no longer contractually obligated to one another," summary judgment properly granted on good faith and fair dealing claim).

## **CONCLUSION**

For the foregoing reasons, Defendant Glassdoor LLC respectfully requests (1) that this action be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2); (2) in the alternative, that this action be transferred to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a); and (3) in the alternative, that the Complaint be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

This, the 29th day of November 2023.

Respectfully submitted,

GLASSDOOR, LLC

*/s/ Pope S. Mallette*
POPE S. MALLETTE (MB NO. 9836)
J. ANDREW MAULDIN (MB NO. 104227)

OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Tel: (662) 236-0055 | Fax: (662) 236-0035
*pmallette@mayomallette.com*
*dmauldin@mayomallette.com*