UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**NICHOLAS SERVICES, LLC**
**D/B/A NICHOLAS AIR and**
**CORR FLIGHT S., INC.**                                           **PLAINTIFFS**

**VERSUS**                                          **Civil Action No. 3:23-cv-448-MPM-RP**

**GLASSDOOR, INC.,**
**GLASSDOOR, LLC, and**
**JOHN AND JANE DOE(S) 1-30**                                      **DEFENDANTS**

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiffs, Nicholas Services, LLC d/b/a Nicholas Air and Corr Flight S., Inc., pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) and for this cause of action, alleges and states as follows:

**PARTIES**

1. Plaintiff, Nicholas Services, LLC d/b/a Nicholas Air ("Nicholas Air" or "Plaintiff") is a limited liability company organized in the State of Delaware and is headquartered at 300 South Lamar Court, Unit B, Oxford, MS 38655. Nicholas Air is a private jet company operating under 14 C.F.R. Part 135. Nicholas Air has no employees and has no Employer Identification Number ("EIN").

2. Plaintiff, Corr Flight S., Inc. ("Corr Flight") is a corporation organized in the State of Mississippi and his headquartered at 300 South Lamar Court, Unit B, Oxford, MS 38655. Corr Flight is the employer for all employees who perform duties for the Nicholas Air brand.

3. Upon information and belief, Defendant, GlassDoor Inc. ("GlassDoor") is a Delaware corporation with its principal place of business at 300 Mission Street, 16th Floor, San Francisco, CA 94105.

4. Upon information and belief, Defendant GlassDoor, LLC is a limited liability company organized in the State of Delaware and is headquartered at 300 Mission Street, 16th Floor, San Francisco, CA 94105.

5. Defendants GlassDoor, Inc. and GlassDoor, LLC are collectively referred to as ("GlassDoor"). GlassDoor is a website forum where employees or former employees post reviews of their employers or previous employers.

6. John and Jane Doe(s) 1-30 ("Authors" and/or "Doe Defendants") are unknown individuals who have authored false, defamatory, hateful, malicious, and/or discriminatory reviews regarding their alleged employment at Nicholas Air. In the Reviews, the Doe Defendants have also disclosed protected, confidential, and/or proprietary business information of Plaintiffs.

**JURISDICTION AND VENUE**

7. This Court has personal jurisdiction over Defendant GlassDoor and any Doe Defendants who are not residents of Mississippi pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) because they would be subject to the jurisdiction of a court of general jurisdiction in Mississippi. The out-of-state Defendants committed the violations of Mississippi common law at issue in this lawsuit. The defamatory statements at issue were directed at Mississippi and the injury caused by the statements was felt in Mississippi.

8. The Court has personal jurisdiction over any Doe Defendants who are residents of Mississippi.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the actions giving rise to this Complaint occurred within this District.

**SERVICE OF PROCESS**

10. Service of process may be had upon the Defendants in any manner pursuant to Federal Rule of Civil Procedure 4(h).

11. Service of process may be had on GlassDoor at its principal place of business at 300 Mission Street, 16th Floor, San Francisco, CA 94105. GlassDoor may be served through one of its many registered agents.

12. GlassDoor must disclose the identities of the Doe Defendants. Once their identities are disclosed, service of process may be had on the Doe Defendants at their residence or wherever they may be found.

**BACKGROUND**

13. Nicholas Air's profile on GlassDoor's website has numerous reviews from alleged employees and/or previous employees which not only go against GlassDoor's own Community Guidelines, but are false, defamatory, hateful, malicious, discriminatory, and/or disclose confidential and proprietary business information (the "Reviews").[1]

14. All of the Reviews are false and should be removed as Nicholas Air has no employees as evidence by its lack of an EIN. Nicholas Air provides private air transportation, holds the operating certificate therefor, and is a brand name. All persons performing services for the Nicholas Air brand are employed by Corr Flight.

15. All employees of Corr Flight are required to sign both a Trade Secret/Non-Solicitation Confidential Information Agreement ("Confidentiality Agreement") and a Non-Disclosure of Information Agreement ("Non-Disclosure Agreement") as a condition of employment. Among other things, these agreements prohibit disclosure of any and all information related to or in any

---

[1] *See* the Reviews, collecting examples of the actionable posts, attached hereto as Exhibit A.

way connected with Corr Flight and Nicholas Air's businesses and operations and remain in full force and effect indefinitely.[2]

16. If the Authors of the Reviews are and/or were employed by Corr Flight, they executed Confidentiality and Non-Disclosure Agreements and are in breach thereof.

17. Additionally, if the alleged Authors were or are Corr Flight employees, they were employed in the State of Mississippi, likely drafted the Reviews in Mississippi, and are undoubtedly targeting their harm to Oxford, Mississippi.[3]

18. The Reviews, which target the incorrect entity, are causing prospective employees to be deterred from employment with Corr Flight, which in turn, is causing damages to both Nicholas Air and Corr Flight.

19. In order to defend itself, Nicholas Air had no option but to claim its employer account, which was created by GlassDoor. By being forced to claim its employer account, Nicholas Air was compelled to agree to GlassDoor's Terms of Use. GlassDoor's Terms of Use is a standardized contract of adhesion. There was no ability to negotiate, and it was offered on a take-it-or-leave-it basis.

20. On numerous occasions, Nicholas Air has contacted GlassDoor to have the Reviews removed and informed that the Reviews require removal as they are false, defamatory, hateful, malicious, discriminatory, and/or disclose confidential and proprietary business information.

21. After multiple failed attempts to have GlassDoor remove the Reviews, on September 12, 2023, Nicholas Air sent GlassDoor a detailed demand letter to have all Reviews that are false,

---

[2] *See* the Agreements attached hereto as Exhibit B.
[3] Each review on GlassDoor indicates the location of the alleged employer. In this case, the Reviews of Nicholas Air specify that its location is in Oxford, Mississippi.

defamatory, hateful, malicious, discriminatory, and/or disclose confidential and proprietary business information removed, and to disclose the names of the Authors of the Reviews.

22. Despite being reassured that the demand had been "escalated to a senior member of the Content team" and that GlassDoor was "working diligently to respond," Nicholas Air has received no response to date.

23. In addition to Nicholas Air's company profile, GlassDoor has also created other false and defamatory content about Nicholas Air.

24. GlassDoor has authored and created a rating system for Nicholas Air showing how many stars out of five the company has, and what percentage of employees would "Recommend to a Friend," or "Approve of CEO."[4]

25. Regarding the Reviews, GlassDoor requires reviewers to fill out a pre-titled questionnaire it has created.[5]

26. Plaintiffs have now been forced to file this lawsuit seeking to compel GlassDoor to remove Nicholas Air's employer profile and the Reviews from their website, and to disclose the names of the Authors who have posted the Reviews.

## CAUSES OF ACTION

### I.    COUNT ONE –DEFAMATION

27. Plaintiffs reallege and incorporate by reference herein each allegation contained in the above paragraphs.

28. The Reviews contain a plethora of false and defamatory statements concerning employment at Nicholas Air.

---

[4] *See* Exhibit C, GlassDoor Ratings.
[5] *See* Exhibit D, GlassDoor Review Questionnaire.

29. The Reviews are completely false for numerous reasons, one being that Nicholas Air is not and was never the employer of Authors as they allege.

30. Additionally, all mentions in the Reviews of work hours, overtime, compensation, benefits, safety, staffing, contracts, bonuses, upgrades, the innerworkings of the company, and of the owner and management are false.

31. The Reviews are clearly and unmistakably defamatory by their words themselves, and these false and defamatory Reviews have caused substantial harm to Plaintiffs' reputation and image.

32. Doe Defendants authored the Reviews knowing they contained false and defamatory statements concerning employment at Nicholas Air. GlassDoor published the Reviews, along with defamatory content created by Glassdoor, on their website for public viewing.

33. Doe Defendants authored and published the Reviews with actual malice with an intent to harm the Plaintiffs.

34. Specifically, one Review spreads hateful religious language by attacking Plaintiffs and Corr Flight employees for their religious affiliation and even goes as far as saying there is a "special place in hell" for Plaintiffs and/or Corr Flight employees.

35. Despite Nicholas Air's numerous and repeated attempts to have the Reviews removed, GlassDoor has refused to remove the Reviews, which evidences at least negligence, but most likely gross negligence and/or actual malice towards Plaintiffs.

36. Plaintiffs have suffered and continue to suffer damages including, but not limited to, damage to their reputations and images of their businesses, negative impacts on employment, hiring, and operations, lost opportunities, and economic harm.

## II.    COUNT TWO – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

37. Plaintiffs reallege and incorporate by reference herein each allegation contained in the above paragraphs.

38. Authors willfully intended for the Reviews to cause damage to Plaintiffs' businesses.

39. GlassDoor has evidenced a willful intent to cause damage and/or harm to Plaintiff's businesses by refusing to remove the Reviews despite being informed of their false, defamatory, hateful, malicious, discriminatory, and/or contractually breaching nature.

40. Authors wrote and published the Reviews in a calculated manner to cause damage to the Plaintiffs' businesses.

41. GlassDoor published and refused to remove the Reviews and GlassDoor created content in a calculated manner to cause damage to the Plaintiffs' businesses.

42. Defendants authored and/or published the Reviews with malice and constituted defamation, disparagement, and/or harassment.

43. Plaintiffs have suffered and continue to suffer damages as a result of Defendants' authoring and/or publishing of the Reviews and GlassDoor created content including, but not limited to, damage to their reputations and images of their businesses, negative impacts on employment, hiring, and operations, lost opportunities, and economic harm.

## III.    COUNT THREE – TORTIOUS INTERFERENCE WITH CONTRACTS

44. Plaintiffs reallege and incorporate by reference herein each allegation contained in the above paragraphs.

45. Authors willfully intend and/or intended for the Reviews to induce employees and customers of Plaintiffs to end and/or breach their contractual relationships with Plaintiffs.

46. GlassDoor willfully intend and/or intended for Authors to be in breach of their Confidentiality and Non-Disclosure Agreements by refusing to remove the Reviews despite being informed the Reviews were in breach thereof by revealing confidential and/or proprietary business information protected by the Agreements.

47. Authors wrote the Reviews in a calculated manner to cause damage to the Plaintiffs' businesses.

48. GlassDoor published and refused to remove the Reviews and other GlassDoor created content in a calculated manner to cause damage to the Plaintiffs' businesses.

49. Defendants authored and/or published the Reviews with malice and constituted defamation, disparagement, and/or harassment.

50. Plaintiffs have suffered and continue to suffer damages as a result of Defendants' authoring and/or publishing of the Reviews including, but not limited to, damage to their reputations and images of their businesses, negative impacts on employment, hiring, and operations, lost opportunities, and economic harm.

**IV.     COUNT FOUR – BREACH OF CONTRACT AGAINST DOE DEFENDANTS**

51. Plaintiffs reallege and incorporate by reference herein each allegation contained in the above paragraphs.

52. If the Authors were and/or are employees of Corr Flight, they executed Confidentiality and Non-Disclosure Agreements as a condition of employment. Among other things, these agreements prohibit disclosure of any and all information related to or in any way connected with Corr Flight and Nicholas Air's businesses and operations and remain in full force and effect indefinitely.

53. By disclosing business information protected under the Agreements in the Reviews, Authors breached and continue to breach the Agreements.

54. Plaintiffs have suffered and continue to suffer damages as a result of the Doe Defendants' authoring and/or publishing of the Reviews including, but not limited to, damage to their reputations and images of their businesses, negative impacts on employment, hiring, and operations, lost opportunities, and economic harm.

V. **COUNT FIVE – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING AGAINST DOE DEFENDANTS**

55. Plaintiffs reallege and incorporate by reference herein each allegation contained in the above paragraphs.

56. The Doe Defendants' breach of contract were deliberate, intentional, and malicious acts, in reckless disregard for Nicholas Air's rights, and constitute a breach of the duty of good faith and fair dealing because they violated standards of decency and fairness.

**PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiffs demand judgment against the Defendants as follows:

1. The Court shall enjoin all Defendants from their improper conduct, including the following:

    (a) Defendants GlassDoor, Inc. and/or GlassDoor LLC shall remove Nicholas Air's employee profile from their website,

    (b) Defendants GlassDoor Inc. and/or GlassDoor, LLC shall prevent the publishing of any future reviews of Nichoals Air on its website,

    (c) Defendants GlassDoor, Inc., GlassDoor, LLC, or Doe Defendants shall remove all Reviews referenced herein,

    (d) Defendant GlassDoor Inc., GlassDoor, LLC, and Doe Defendants shall refrain from posting and/or publishing any reviews in the future that are false, defamatory;

    hateful, malicious, discriminatory, and/or disclose confidential and proprietary business information;

2. Plaintiffs be awarded attorneys' fees from Defendants;

3. Plaintiffs be awarded costs from Defendants;

4. Plaintiffs be awarded economic and/or compensatory damages from Defendants;

5. Plaintiffs be awarded punitive and/or exemplary damages from Defendants; and

6. Plaintiffs be awarded any other just, legal, general, and equitable relief allowed by law.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims and issues so triable.

RESPECTFULLY SUBMITTED, this the 13th day of December, 2023.

**NICHOLAS SERVICES, LLC**
**d/b/a NICHOLAS AIR, and**
**CORR FLIGHT S., INC.** *Plaintiffs*

*/s/ Edwin S. Gault, Jr.*
Edwin S. Gault, Jr. (MSB #10187)
Molly H. McNair (MSB #105706)
FORMAN WATKINS & KRUTZ LLP
210 E. Capitol Street, Suite 2200
Jackson, MS 39201
Phone: 601-960-8600
win.gault@formanwatkins.com
molly.mcnair@formanwatkins.com

Hannah Katherine Herrin
Internal Counsel
NICHOLAS AIR®
Direct: 662.212.5124
Email: hherrin@nicholasair.com
***Attorneys for Plaintiffs***