**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**CORR FLIGHT S., INC.**                                                        **PLAINTIFF**

**v.**                                                        **No. 3:23-cv-448-MPM-RP**

**GLASSDOOR, LLC and**
**JOHN AND JANE DOE(S) 1-30**                                                        **DEFENDANTS**

<u>**ORDER**</u>

This matter comes before the Court on Defendant Glassdoor, LLC's Rule 12(c) Motion for Judgment on the Pleadings [61]. The Court, having reviewed the record and having carefully considered the applicable law, is now prepared to rule.

FACTS

Plaintiff Corr Flight is a Mississippi company in the private jet transportation industry. Defendant Glassdoor is the owner of a business review website where employees can anonymously review the companies they work for. The Doe defendants are anonymous individuals who posted negative reviews on Glassdoor's website.

Earlier in this case, a second plaintiff, Nicholas Air, was a party. Nicholas Air and Corr Flight are closely connected; Nicholas Air acts as the public brand, and Corr Flight acts as the employer for all who work under the Nicholas Air nametag. Nicholas Air has no employees, and every employee of Corr Flight works on behalf of Nicholas Air.

On October 26, 2023, Corr Flight, along with former co-plaintiff Nicholas Air, sued Glassdoor and Doe Defendants because of several negative reviews posted on Glassdoor's website. These reviews—all directed solely at Nicholas Air—said things like, "Upper management is the worst you'll ever experience…They want you to cut corners in maintenance which is not something that should happen in aircraft maintenance;" and "Only aviation company I know that

1

hates pilots. The lady in charge thinks the pilots are beneath her. She treats everyone in the office like garbage and most are scared of her;" and "Everything is a con. The company is run by a lawyer." Atop each of these anonymous reviews was a small label that read either "employee" or "former employee." Corr Flight and Nicholas Air alleged in their complaint that these reviews constituted defamation, tortious interference with contract, tortious interference with business relations, breach of contract, and breach of the duty of good faith and fair dealing.

Glassdoor then moved to dismiss or, alternatively, to transfer. Ruling on that motion, this Court dismissed every claim against Glassdoor except for the defamation claim. This Court also severed Nicholas Air as a plaintiff and transferred its case to the Northern District of California in accordance with a forum selection clause. Corr Flight was left as the only remaining plaintiff.

Presently, Glassdoor moves for a Rule 12(c) judgment on the pleadings arguing that Corr Flight's defamation claim fails as a matter of law.

STANDARD

Rule 12(c) motions for judgment on the pleadings are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); Fed. R. Civ. P 12(c). The standard for deciding a Rule 12(c) motion is identical to that of a 12(b)(6). *Great Plains Trust Co*, 313 F.3d at 313 n.8. Here, the material facts are not in dispute. The only questions are legal ones. "[T]he question whether said-to-be-offending words are defamatory may be decided by the Court without submission to the trier of fact." *Lawrence v. Evans*, 573 So.2d 695, 697 (Miss. 1990) (citing *Fulton v. Mississippi Publishers Corp.*, 498 So.2d 1215, 1217 (Miss. 1986)).

2

ANALYSIS

*1. Waiver*

Corr Flight avers that because Glassdoor did not raise its current argument in its earlier answer or motion to dismiss, "Rule 12(g) precludes him from making a further motion seeking dismissal based on the omitted [arguments]." (citing *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 (5th Cir. 1993)). In its current motion, Glassdoor's primary argument is that Corr Flight's defamation claim fails because the allegedly defamatory content was not directed at Corr Flight—a failure-to-state-a-claim argument. The Fifth Circuit has stated that failure-to-state-a-claim arguments are exempt from Rule 12(g)'s bar on successive motions. *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007) ("Rule 12(h)(2) explicitly excepts from [Rule 12(g)'s] consolidation requirement motions based on the defense of failure to state a claim."); *and see Doe v. Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d 681, 686 (5th Cir. 2017). Therefore, Rule 12(g) does not bar Glassdoor's motion.

*2. Failure to State a Claim*

Glassdoor argues that Corr Flight's defamation claim fails because the negative reviews are directed solely at Nicholas Air and not Corr Flight. Corr Flight responds that any third party who is familiar with the pair of companies would know that an employee's review of Nicholas Air is effectively a review of Corr Flight since Corr Flight employs every employee who works on behalf of Nicholas Air.

As an initial matter, it is important to delineate exactly what speech Glassdoor can be found liable for. In its previous motion to dismiss, Glassdoor argued that §230 of the Communications Decency Act completely shields it from liability in this case. 47 U.S.C. § 230(c)(1). Section 230 is a federal statute which grants broad immunity to websites and shields them from liability for

3

content posted online by third parties. *See, e.g., Diez v. Google*, 831 Fed. App'x. 723, 725 (5th Cir. 2020) (unpublished) (per curiam). This statute does not, however, preclude liability when a website ceases being a mere conduit of information and posts defamatory content itself. 47 U.S.C. § 230(f)(2); *Fraley v Facebook, Inc.*, 830 F. Supp. 2d 785, 790-93 (N.D. Cal. 2011). This Court, in its previous order, recognized that while Glassdoor could not be held liable for the negative reviews posted by third parties, it could be held liable for content it posted itself. *Nicholas Services, LLC v. Glassdoor, LLC*, 746 F.Supp.3d 343 (N.D. Miss. 2024). The Court held that Glassdoor, by requiring users who wanted to post a review of Nicholas Air to label themselves as either employees or former employees, was forcing non-employee individuals who wished to review the company to lie, effectively speaking for them. *Id.* at 358-59. The Court allowed for the possibility that this could be defamatory, but limited any defamation claim against Glassdoor to the small label above each review that read either "employee" or "former employee." *Id.* Thus, this is the only speech that Glassdoor can be found liable for, and it cannot be found liable for the third-party content at the heart of the negative reviews.

The Mississippi Supreme Court defines defamation as "language which tends to injure one's reputation, and thereby expose him to public hatred, contempt or ridicule, degrade him in society, lessen him in public esteem or lower him in the confidence of the community." *Ferguson v. Watkins*, 448 So.2d 271, 275 (Miss. 1984). To establish a defamation claim, an ordinary plaintiff must show:

> (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Simmons Law Group, P.A. v. Corp. Mgmt., Inc.*, 42 So.3d 511, 517 (Miss. 2010). The Mississippi Supreme Court has held that "[t]wo restrictions upon the action for defamation are and must be

4

strictly enforced. [1] First, the words employed must have clearly been directed toward the plaintiff. [2] Beyond that, the defamation must be clear and unmistakable from the words themselves and not be the product of innuendo, speculation or conjecture." *Ferguson v. Watkins*, 448 So.2d 271, 275 (Miss. 1984).

Regarding the first requirement—that "the words employed must [be clearly] directed toward the plaintiff,"—that requirement is not met here. All of the Glassdoor reviews are directed only at Nicholas Air and are located under the Nicholas Air company profile on Glassdoor's website. Corr Flight is never mentioned. As to Corr Flight's argument that its defamation claim survives because people familiar with Corr Flight would know that the references to Nicholas Air are actually references to Corr Flight: This argument is unavailing. While it is true that "'it is enough that *any* recipient of the communication reasonably so understands [the plaintiff as the person intended],'" *Perkins v. Littleton*, 270 So.3d 208, 214 (Miss. App. 2018) (emphasis added) (quoting *Conroy v. Breland*, 189 So. 814, 815 (Miss. 1939)), here, *no* person could understand Glassdoor's speech to be directed at Corr Flight.

Corr Flight's argument requires looking at the parts of the reviews which Glassdoor cannot be held liable for. Looking only at what Glassdoor created—the tag above each negative review that said either "employee" or "former employee"—no person can reasonably believe that Glassdoor was directing this statement at Corr Flight. At the time of the reviews, Glassdoor likely did not know that Corr Flight existed, and the most Glassdoor could have falsely communicated with its labels is that the anonymous reviewer is or was an employee of the company being reviewed, i.e., Nicholas Air. In its previous order, this Court ruled (at Corr Flight's behest) that binding Corr Flight to a forum selection clause entered into by Nicholas Air was inappropriate because the companies were separate entities and "Corr Flight received no benefit from the

5

contract." *Nicholas Services*, 746 F.Supp.3d at 352-53. If Corr Flight received no benefit from the contract which enabled a response to the negative reviews, then the reviews cannot now be found to have negatively affected Corr Flight.

Regarding the second requirement—that "the defamation must be clear and unmistakable from the words themselves,"—that requirement is also not met. The Mississippi Supreme Court has held that "[i]f the reader must struggle to see how and whether they defame, by definition the words are not defamatory in law. Words which may be found defamatory only with the aid of 'a most vivid imagination' are not actionable." *Lawrence v. Evans*, 573 So.2d 695, 698 (Miss. 1990) (quoting *Fulton v. Mississippi Publishers Corp.*, 498 So.2d 1215, 1217 (Miss. 1986)); *and see The Meridian Star, Inc. v. Williams*, 549 So.2d 1332, 1334 (Miss. 1989). Turning to the words themselves, the words "employee" and "former employee" are not clearly and unmistakably defamatory. Even assuming that Glassdoor falsely and intentionally labeled the nonemployee reviewers as employees, no reasonable person could look only at that label and conclude that it is defamatory. Thus, the second defamation requirement is not met, and Corr Flight's defamation claim against Glassdoor fails. Glassdoor is dismissed as a defendant, and the only defendants remaining are the anonymous third-party reviewers.

CONCLUSION

ACCORDINGLY, Defendant Glassdoor, LLC's Motion for Judgment on the Pleadings [48 & 61] is **GRANTED**.

**SO ORDERED** this the 13th day of May, 2025.

/s/Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

6