IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CORR FLIGHT S., INC.** **PLAINTIFF**

v. No. 3:23-cv-448-MPM-RP

**JOHN AND JANE DOE(S) 1-30** **DEFENDANTS**

## ORDER

This matter comes before the Court sua sponte, due to concern about subject matter jurisdiction. The Court, having reviewed the record and having carefully considered the applicable law, is now prepared to rule.

This case was originally brought in state court. Plaintiff Corr Flight sued (1) the owner of a business review website and (2) some anonymous reviewers who posted negative reviews. The website owner then removed the case to federal court on the basis of diversity jurisdiction. In a recent order, this Court dismissed all claims against the website owner, leaving only the Doe Defendants whose citizenships are unknown. Now, this Court is concerned that this dismissal destroyed diversity jurisdiction.

If an issue of subject matter jurisdiction is perceived, it is the Court's duty to raise the issue sua sponte. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 575 (5th Cir. 2003) (citing *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996)); *and see* Fed. R. Civ. P. 12(h)(3). For cases in federal court by way of removal, "[i]f at *any* time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added). "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

The relevant limit on diversity jurisdiction is found in 28 U.S.C. § 1332(a)(1), which requires the civil action to be "between…citizens of different States." This has been interpreted as requiring "complete diversity," or stated differently, "that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Normally, the inclusion of a specific but unknown defendant precludes diversity jurisdiction in cases originally filed in federal court. *See* Wright & Miller*,* 13F Fed. Prac. & Proc. Juris. § 3642 (3d ed.), Devices to Defeat Diversity Jurisdiction—Utilization of John Doe Defendants; *Richard v. Doe*, 638 Fed.Appx. 409 (5th Cir. 2016); *Holz v. Terre Faute Regional Hosp.*, 123 Fed.Appx. 712, 714 (8th Cir. 2005). For cases removed from state court, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b).

That is what happened in this case. Corr Flight (a citizen of Mississippi) sued the website owner (a citizen of California) and the Doe Defendants (citizenship unknown) in state court. The website owner then removed the case, able to do so because § 1441 requires the citizenship of the Doe Defendants be disregarded. The question before the Court now is, once the last identifiable defendant is dismissed, is diversity jurisdiction destroyed?

This Court thinks so. While the caselaw on this issue is sparse, it is clear that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). If (as federal statute requires in removal cases) the citizenship of the Doe Defendants is disregarded, 28 U.S.C. § 1441(b), then there is no way for that citizenship to be "different" than the citizenship of the plaintiff. Two citizenships cannot be different if one effectively does not exist.

It is clear that diversity jurisdiction is destroyed in removal cases if a non-diverse defendant is joined by the plaintiff. 28 U.S.C. § 1447(e). It is also clear that the identification of a previously unknown, non-diverse defendant destroys diversity and requires remand. *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 476-77 (5th Cir. 2001). So too should remand be required when the only defendant supporting subject matter jurisdiction is dismissed.[1]

CONCLUSION

**ACCORDINGLY**, this case is to be remanded to the Circuit Court of Lafayette County, Mississippi. Corr Flight S., Inc. is the only remaining plaintiff, and the unidentified John and Jane Doe(s) 1-30 are the only remaining defendants. All claims against John and Jane Doe(s) 1-30, as set forth in the Corr Flight's Second Amended Complaint [58], persist.

**SO ORDERED** this the 28th day of May, 2025.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

---

[1] Although this had no bearing on this Court's decision today, the anonymous reviewers purporting to be employees of the Mississippi-company plaintiff are in all likelihood citizens of Mississippi. If they were known and named in this case, diversity jurisdiction would not exist.